**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4631**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

JERMAINE LORENZO BAILEY, a/k/a Yellow,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:11-cr-00472-PMD-2)

———————

Submitted:  July 29, 2014          Decided:  August 6, 2014

———————

Before MOTZ, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  Sean Kittrell, Nathan S.
Williams, Assistant United States Attorneys, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Lorenzo Bailey pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute and distribution of heroin, cocaine base, and marijuana, and conspiracy to maintain a premises for the purpose of manufacturing and distributing a quantity of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 856(a)(l) (2012) (Count One); four counts of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Counts Six, Fourteen, Fifteen and Sixteen); and seven counts of use of a communication device to facilitate a controlled substance offense, in violation of 21 U.S.C. § 843(b) (2012) (Counts Twenty-Four, Twenty-Seven, Twenty-Eight, Thirty, Thirty-One, Thirty-Three, and Thirty-Four). The district court sentenced Bailey to a total of 264 months' imprisonment, below the bottom of his advisory Guidelines range.

Counsel for Bailey has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but arguing that his sentence is procedurally unreasonable. Specifically, counsel questions the district court's calculation of the base offense level, specific offense characteristics, and Bailey's role in the offense. Bailey was advised of his right to file a pro se

2

supplemental brief but has not done so. The Government has not submitted a response brief. For the reasons that follow, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When determining a sentence, the district court must first calculate the defendant's advisory Guidelines range. Gall, 552 U.S. at 49–50. "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014).

Bailey did not object to any aspect of the sentencing calculus, so our review is limited to plain error. See United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012), cert. denied, 133 S. Ct. 1838 (2013). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

The record contains sufficient evidence to support Bailey's base offense level, as well as the increases for

3

possession of a firearm and maintenance of a drug premises, as well as his leadership role in the offense.  Therefore, the district court's Guidelines calculation contains no error, and certainly no plain error.  Consequently, Bailey's claims are meritless.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal.  We therefore affirm Bailey's convictions and sentence.  This court requires that counsel inform Bailey, in writing, of his right to petition the Supreme Court of the United States for further review.  If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bailey.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>